Jonathon A. Talcott (030155)
talcottj@ballardspahr.com
Daniel A. Arellano (032304)
arellanod@ballardspahr.com
Andrew M. Hensley (036223)
hensleya@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595
*Attorneys for Defendant*
*Northern Arizona Healthcare Foundation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Northern Arizona Healthcare Corporation, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Northern Arizona Healthcare Foundation, an Arizona nonprofit corporation,<br><br>Defendant. | NO.<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of Arizona In and For the County of Coconino, CV202100118 |

Defendant Northern Arizona Healthcare Foundation (the "Foundation"), by its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Superior Court of the State of Arizona in and for the County of Coconino to the United States District Court for the District of Arizona. As grounds for removal, the Foundation states as follows:

**Background**

1. Plaintiff Northern Arizona Healthcare Corporation is an Arizona corporation and healthcare organization providing healthcare services to persons throughout the United States, including through two hospitals located in Northern Arizona.

2. The Foundation is an Arizona nonprofit corporation and charitable organization dedicated to improving the health, well-being, and quality of life of persons throughout the United States, including through supporting the southwest regional healthcare community at-large, Northern Arizona, and Plaintiff.

3. On March 23, 2021, Plaintiff filed a Verified First Amended Complaint in Superior Court of the State of Arizona in and for the County of Coconino (the "Complaint"), which was captioned *Northern Arizona Healthcare Corporation v. Northern Arizona Healthcare Foundation*, Case No. CV202100118. A true and correct copy of the entire record, including the Complaint, is attached hereto as Exhibit 1.

4. On March 24, 2021, the Foundation was served with the Complaint.

5. The Complaint purports to raise claims for: (1) breach of contract; (2) unfair competition; and (3) declaratory judgment. (*See* Compl. ¶¶ 79-108.)

6. Plaintiff and the Foundation entered into a Trademark License Agreement (the "Agreement," Exhibit A to the Complaint) on July 1, 2016, by which Plaintiff licensed to the Foundation the right to use a common law trademark incorporating NORTHERN ARIZONA HEALTHCARE without any geographical restrictions, meaning the license to this mark extended to use throughout the United States. (Agreement §§ 1-2.) Consistent with the national scope of trademark rights implicated, the Agreement states that any disputes arising out of the Agreement shall be heard by courts within the state of Arizona, "including federal courts located therein." (Agreement § 8(d).)

7. On December 21, 2020, Plaintiff filed an application with the United States Patent and Trademark Office asserting exclusive federal trademark ownership rights throughout the United States and seeking federal trademark registration of the mark TURQUOISE BALL (U.S. Trademark Application Serial No. 90/398,642) for use in connection with "[c]haritable fundraising services by means of an entertainment event." Plaintiff filed this application on the basis that it has used the TURQUOISE BALL mark in interstate commerce, claiming Plaintiff first used this mark in interstate commerce on

2

December 1, 1961. A true and correct copy of U.S. Trademark Application Serial No. 90/398,642 is attached hereto as Exhibit 2.[1]

8. Also on December 21, 2020, Plaintiff filed an application with the United States Patent and Trademark Office asserting exclusive federal trademark ownership rights throughout the United States and seeking federal trademark registration of the mark COPPER BALL (U.S. Trademark Application Serial No. 90/398,653) for use in connection with "[c]haritable fundraising services by means of an entertainment event." Plaintiff filed this application on the basis that it has used the COPPER BALL mark in interstate commerce, claiming Plaintiff first used this mark in interstate commerce on November 1, 2002.  A true and correct copy of U.S. Trademark Application Serial No. 90/398,653 is attached as Exhibit 3.

9. While omitting reference to its assertions of exclusive federal trademark ownership rights for the TURQUOISE BALL and COPPER BALL trademarks (collectively, the "BALL Marks") and NORTHERN ARIZONA HEALTHCARE mark, and omitting reference to its federal trademark applications for the BALL Marks, the Complaint broadly seeks adjudication of trademark infringement and unfair competition, declaratory, and injunctive relief, without limitation, that requires judicial resolution of Plaintiff's entire scope of rights and ownership interest in those marks based on the language of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  (*See* Compl. ¶¶ 7-10, 14-16, 55-64, 68, 76, 91-108.)

**Federal Question Jurisdiction**

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff alleges violations of a claim or right arising under the laws of the United States.

11. Specifically, the Court has jurisdiction where "federal law creates the cause of action or [] the plaintiff's right to relief necessarily depends on resolution of a

---

[1] *See Icon Enters. Int'l v. Am. Prods. Co.*, No. CV 04-1240 SVW, 2004 U.S. Dist. LEXIS 31080, at *2 (C.D. Cal. Oct. 7, 2004) (taking judicial notice of federal trademark applications, because "authenticity of such documents cannot reasonably be questioned").

3

substantial question of federal law." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

12. Plaintiff's claims for trademark infringement and/or unfair competition (stylized as "Unfair Competition") and declaratory judgment necessarily depend on resolution of substantial questions under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

13. Plaintiff pleaded federal claims as state-law claims by mischaracterizing the scope and nature of the asserted trademark rights and requested remedies, and by omitting pertinent information related to its pending federal trademark applications and assertion of exclusive federal trademark ownership rights therein that are otherwise implicated by the allegations Plaintiff has asserted in its Complaint. *See Brocato v. Angelo Brocato Ice Cream & Confectionery, Inc.*, No. 03-1316, 2003 U.S. Dist. LEXIS 12770, *7 (E.D. La. July 22, 2003) ("The [complaint] makes no mention whatsoever of federal law and Plaintiffs assert that their [complaint] contains only state law causes of action--namely, a request for a declaratory judgment pursuant to [the applicable state statute]. . . . Thus, at first blush, it would appear that the well-pleaded complaint rule would not permit removal of this action. As noted above, however, the Court must determine whether Plaintiffs have in fact artfully pleaded federal claims as state law claims. A careful examination of Plaintiffs' request for a declaratory judgment reveals that Plaintiffs have done just that.").

14. Here, Plaintiff's actions and allegations within the Complaint (including within the Agreement incorporated therein by reference) clearly indicate that it believes its alleged rights in the NORTHERN ARIZONA HEALTHCARE and BALL Marks are federal in scope, and are thus subject to the Lanham Act. As noted above, the Agreement relating to the allegedly infringed NORTHERN ARIZONA HEALTHCARE mark is national in scope. The Complaint and Agreement assert Plaintiff's alleged exclusive rights to the NORTHERN ARIZONA HEALTHCARE mark nationally if not "throughout the world," demonstrating that Plaintiff considers its rights to this mark subject to the "Unfair Competition" and "Declaratory Judgment" counts in the Complaint require resolution of federal law.

4

15. In addition, Plaintiff filed federal trademark applications asserting exclusive national ownership rights on the basis of use in interstate commerce for the BALL Marks. The Complaint asserts that the BALL Marks are "important fundraiser[s] for Plaintiff's healthcare initiatives, drawing sponsors, donors, and attendees *from across the region*." (Compl. ¶¶ 56, 59 (emphasis added).) The federal trademark applications, the Agreement, and the Complaint clearly demonstrate that the meaning of "region" here includes at least multiple states (thereby implicating interstate commerce) if not the entirety of the United States as asserted, for example, in Plaintiff's federal trademark applications for the BALL Marks.

16. Plaintiff's claim for unfair competition requires the Court to determine whether the Foundation's actions with regard to the NORTHERN ARIZONA HEALTHCARE and BALL Marks are, as Plaintiff alleges, "likely to . . . cause confusion, mistake, or deception of the public" and "an infringement of NAH's intellectual property rights." (Compl. ¶¶ 96-97.) This language mirrors that of the Lanham Act. *See, e.g.*, 15 U.S.C. §§ 1114(1)(a); 1125(a). Given the national scope of Plaintiff's asserted rights in the subject trademarks, Plaintiff's requested relief for trademark infringement or unfair competition, a declaration of the national trademark ownership rights, and an injunction requiring determination of the scope of the parties' respective rights to continue using these trademarks throughout the country all necessarily depend on the Court's resolution of the Lanham Act's laws concerning the scope of trademark ownership rights, likelihood of confusion, unfair competition standards, and injunctive relief.

17. Plaintiff's request for a Declaratory Judgement under A.R.S. § 12-1831 likewise necessarily depends on the resolution of a substantial question of federal trademark law. Specifically, to declare whether the Foundation has infringed on Plaintiff's intellectual property rights, as the Court must determine whether Plaintiff is in fact, as Plaintiff alleges, "the rightful owner of the marks NORTHERN ARIZONA HEALTHCARE, TURQUOISE BALL, and COPPER BALL and the goodwill associated with each mark." (Compl. ¶ 104.) The determination of the full scope of Plaintiff's federal

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

rights it contends it owns in the BALL Marks and the NORTHERN ARIZONA HEALTHCARE mark necessarily require application of the Lanham Act.  Under the Lanham Act, for one to own a valid trademark, the mark must be used in commerce that may be regulated by Congress.  15 U.S.C. § 1127.  Further, ownership of a valid trademark requires that the mark be sufficiently distinct to be protectable, rather than merely descriptive or generic.  15 U.S.C. § 1052(e); *In re Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 828 F.2d 1567, 1569 (Fed. Cir. 1987) ("Generic terms, by definition incapable of indicating source, are the antithesis of trademarks, and can never attain trademark status."). As such, to grant Plaintiff its requested relief of trademark infringement or unfair competition and declared trademark ownership, the Court must resolve the questions of use in commerce under the Lanham Act and distinctiveness under federal case law.

18. Accordingly, this action is subject to removal pursuant to 28 U.S.C. §§ 1331 at the request of the Foundation, because granting relief under Plaintiff's claims necessarily depends on the resolution of substantial questions of federal law.

### **Supplemental Jurisdiction**

19. This Court has supplemental jurisdiction over the state law claim for breach of contract, because the claim is "so related to claims in the action within such original jurisdiction that they for part of the same case or controversy." 28 U.S.C. § 1367(a).

20. "The supplemental jurisdiction statute applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one of which the district courts . . . have original jurisdiction." *Sparlin v. Select Portfolio Servicing, Inc.*, No. CV 11-00240-TUC-CKJ, 2012 U.S. Dist. LEXIS 20851, at *20 (D. Ariz. Feb. 17, 2012) (internal quotation omitted) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). "Once the case [i]s removed, the District Court ha[s] original jurisdiction over the federal-law claims and supplemental jurisdiction under § 1367(a) over the state-law claims." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) (internal citation omitted). "Claims form part of the same case or controversy if they derive from a common nucleus of operative fact and are so linked that the plaintiff would

6

ordinarily be expected to try them all in one judicial proceeding." *Sparlin*, 2012 U.S. Dist. LEXIS 20851, at *20 (internal quotations and citation omitted).

21. Here, all asserted claims derive from a common nucleus of operative fact. In particular, the Foundation's alleged trademark infringement and unfair competitive practices stem directly from the Foundation's alleged breach of the Agreement. Further, Plaintiff's desire for declaratory judgment is in response to the Foundation's alleged breach of the Agreement, trademark infringement, and unfair competitive practices. Because this Court has original jurisdiction over the "unfair competition" and declaratory judgment claims under 28 U.S.C. § 1331, this Court has supplemental jurisdiction over the breach of contract claim under 28 U.S.C. § 1367(a). Therefore, the asserted state law claim is also removable under 28 U.S.C. § 1441. *Multivista Franchise Sys., LLC v. Weissman*, No. 2:10-CV-02039 JWS, 2010 U.S. Dist. LEXIS 122252, at *8 (D. Ariz. Nov. 1, 2010) (holding that federal question jurisdiction existed and denying plaintiff's motion to remand where the complaint alleged unfair competition under the Lanham Act as well as several state law claims, such as breach of contract and unfair competition under state law).

**Venue**

22. Under 28 U.S.C. § 1441(a), the United States District Court for the District of Arizona is the proper venue for removal because this suit was filed in the Superior Court of the State of Arizona in and for the County of Coconino, which lies within bounds of the District of Arizona.

**Procedural Compliance**

23. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This Notice of Removal is being filed with the United States District Court for District of Arizona within thirty (30) days after the Foundation first received notice of the filing of the Complaint.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

24. On March 23rd, 2021, Plaintiff's filed a Motion for Preliminary and Permanent Injunction (the "Motion"). *See* Exhibit 1. Briefing on the Motion is not complete, and the Foundation requests that the Court schedule a status conference to set a reasonable briefing period.

25. The Foundation attaches to this Notice of Removal as Exhibit 1, and incorporates by reference, a true and correct copy of the entire record from *Northern Arizona Healthcare Corporation v. Northern Arizona Healthcare Foundation*, Case No. CV102100118.

26. The Foundation will promptly file with the Clerk for the Superior Court of the State of Arizona in and for the County of Coconino a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d). The Foundation will also promptly give written notice of the filing of the notice of removal to counsel for Plaintiff.

27. By filing a Notice of Removal in this matter, the Foundation does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue. No admission of fact, law, or liability is intended by this Notice, and the Foundation specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

28. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and this action is properly removed to this Court.

WHEREFORE, Northern Arizona Healthcare Foundation hereby gives notice that the above-captioned action, currently pending in the Superior Court of the State of Arizona in and for the County of Coconino, is hereby removed to this Court.

RESPECTFULLY SUBMITTED this 7th day of April, 2021.

BALLARD SPAHR LLP


By: */s/ Jonathon A. Talcott*
    Jonathon A. Talcott
    Daniel A. Arellano
    Andrew M. Hensley
    *Attorneys for Defendant*
    *Northern Arizona Healthcare Foundation*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

**VERIFICATION OF JONATHON A. TALCOTT**

I hereby provide this Verification that the State Court records attached to this Notice of Removal are true and correct copies of the entire record in Case No. CV202100118 before the Superior Court of the State of Arizona in and for the County of Coconino.

Dated: April 7, 2020        By: */s/ Jonathon A. Talcott*
                                  Jonathon A. Talcott

## **CERTIFICATE OF SERVICE**

I certify that on the 7th day of April, 2021, I electronically transmitted a PDF version of the foregoing document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

I further certify that a copy of the foregoing will promptly be sent via email and U.S. mail to:

Whitney Cunningham
Jennifer Mott
Aspey Watkins & Diesel, PLLC
123 N. San Francisco Street, 3rd Floor
Flagstaff, Arizona 86001
WCunningham@awdlaw.com
JMott@awdlaw.com

*Attorneys for Plaintiff Northern Arizona Healthcare Corp.*

By: /s/ *Tasha Hart*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400